**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

QUNYING HE; et al.,

          Petitioners,

  v.

ERIC H. HOLDER, Jr., Attorney General,

          Respondent.

No. 08-72074

Agency Nos.  A098-471-456
                 A078-113-165

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before:    PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Qunying He and her daughter, natives and citizens of China, petition for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's ("IJ") decision denying her application for asylum,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992), and de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We grant the petition for review, and we remand.

The IJ found He's asylum application untimely because she had not filed within a reasonable time period from either her extraordinary or changed circumstances. The record does not compel the conclusion that He filed for asylum within a reasonable period of time after the extraordinary circumstance of her legal status. *See* 8 C.F.R. § 1208.4(a)(5)(iv); *see also Husyev v. Mukasey*, 528 F.3d 1172, 1181-82 (9th Cir. 2008). However, in concluding that He failed to file her asylum application within a reasonable period of time after changed circumstances, the IJ mistakenly found that He filed her asylum application more than one year after her baptism. In fact, He filed her asylum application less than 11 months after her baptism. Therefore, we remand for the agency to determine whether He's delay of less than 11 months was a reasonable period of time. *See Taslimi v. Holder*, 590 F.3d 981, 984-86 (9th Cir. 2010); *see also Fakhry v. Mukasey*, 524 F.3d 1057, 1064 (9th Cir. 2008).

In light of our disposition, we grant the petition for review as to He's asylum, withholding of removal and CAT claims, and remand for further proceedings consistent with this disposition.

**PETITION FOR REVIEW GRANTED; REMANDED.**